# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHEEN JOHNSON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 07-cv-573-MJR |
| D. BRANING, *et al.*, | ) ) ) |
| Respondents. | ) ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner, currently an inmate in the United States Penitentiary in Lewisburg, Pennsylvania, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He seeks leave to proceed *in forma pauperis* (Doc. 4), and the Court finds that he is, in fact, indigent. Therefore, the motion for leave to proceed *in forma pauperis* is **GRANTED**.

In this action, Petitioner challenges the validity of a disciplinary action in which he lost 40 days of good conduct time.[1] He claims that Respondents failed to provide him with advance written notice of the charges, failed to hold the hearing in a timely manner, and failed to provide him with a written statement of the findings, among other things. He names as Respondents seven different individuals who were allegedly involved in this disciplinary proceeding. However, the only proper respondent is Petitioner's current custodian, the warden at USP-Lewisburg. *See* 28 U.S.C. § 2243. Accordingly, Warden **JOE WILLIAMSON** is **SUBSTITUTED** as Respondent in this action;

---

[1] Petitioner previously raised this claim in a civil rights action, but it was dismissed without prejudice to filing the claim under habeas corpus. *See Johnson v. Lappin*, Case No. 05-cv-900-MJR (S.D. Ill., filed Dec. 22, 2005).

Respondents **BRANING, BOWLING, KELLY, WHITEHOUSE, NALLEY, WATTS** and **DOE** are **DISMISSED** from this action with prejudice.

On the final page of his complaint, Petitioner asks that the Court appoint him counsel in this matter (*see* Doc. 1, p. 7). When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). Petitioner makes no showing that he has attempted to retain counsel. Therefore, the Court finds that appointment of counsel is not warranted at this time, and the motion for appointment of counsel is **DENIED**.

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED this 25th day of March, 2008.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**